**Rose Marie DOUGAL and Elva Mae Brokenshire, Plaintiffs,**

**v.**

**Gerald C. WILLIAMS and Jacquesonia Varner, a/k/a Jacquesco Varner, Defendants, and Rose Marie DOUGAL, Third-Party Defendant.**

**Civ. A. No. 34968.**

United States District Court

E. D. Pennsylvania.

March 29, 1968.

---

Maurice A. Bank, Philadelphia, Pa., for plaintiffs.

Anthony S. Minisi, Daniel F. Binder, Philadelphia, Pa., for defendants.

## MEMORANDUM

FULLAM, District Judge.

Plaintiffs in this case were the driver and passenger, respectively, in a vehicle which was proceeding toward Philadelphia on U. S. Route 1 in Falls Township, Bucks County, when it came into collision (of the side-swipe variety) with a vehicle proceeding in the opposite direction, driven by the defendant. The sole factual question involved in determining liability for the collision was which side of the center line of the highway the vehicles were on when the impact occurred. As to this issue, the evidence was in irreconcilable conflict.

The jury resolved the factual dispute in favor of the plaintiffs, and it cannot be said that such finding is so lacking in evidentiary support as to require post-verdict intervention by the Court.

Miss Dougal, the owner and operator of the vehicle in which both plaintiffs were riding, was awarded $7,250.00. This included damage to her automobile in the sum of $2,479.00, and out-of-pocket medical expenses of $299.00. Miss Brokenshire, the passenger, was awarded $4,000.00; this included $375.00 out-of-pocket medical expenses and $75.00 loss of earnings. Defendant's motion for a new trial asserts that both of these verdicts were excessive. However, this argument necessarily assumes that the testimony of the plaintiffs and their physician as to the extent of their post-acci-

dent difficulties was grossly exaggerated. The jury was at liberty to accept this testimony at face value. The verdicts may be generous, but they are clearly not so excessive as to require a new trial.

Defendant's brief also urges that a new trial be granted because of the trial tactics and behavior of the attorney representing the plaintiff Dougal in her capacity as third-party defendant. The conduct complained of consisted principally of badgering and ridiculing witnesses and, by facial expression and otherwise, registering for the benefit of the jury counsel's reactions to their testimony. Correction of this conduct at trial was initiated by the trial judge, of his own motion; at no time did defense counsel seek a mistrial, although ample opportunity for such motion was afforded. It is clearly too late now for this complaint. At any rate, I am satisfied that, on balance, the conduct complained of was more likely to create an atmosphere unfavorable to the plaintiffs than to the defendant. The conduct of counsel was not flagrantly improper, and was rectified. The essential fairness of the trial was not impaired.

The defendant asserts that prejudicial error occurred in the admission in evidence of Exhibit P–18, a letter written by a defense witness to counsel for the plaintiff several years before trial, in reply to a letter from counsel asserting a possible claim against the witness arising out of the collision in question. The statements of the witness in the letter were, arguably, somewhat inconsistent with his testimony at trial, on the issue of the respective positions of the vehicles at the time of impact. The exhibit was clearly relevant and admissible for impeachment purposes. The main thrust of defendant's objection was that the exhibit should have been excluded because it had not been disclosed to counsel in the course of discovery proceedings. It is argued that this letter should have been mentioned in response to the following interrogatory previously

propounded by defendant to the plaintiff:

"43. Have you or has anyone acting in your behalf obtained from any person or persons any report, statement, memorandum, or testimony concerning the accident alleged in your complaint?"

Under all of the circumstances, I am convinced, as I was at trial, that the correspondence in question was not the sort of document which either party intended to be covered by the interrogatory in question. Even if it was, the trial judge had discretionary power to permit its use at trial. And finally, the exhibit played such a minimal part in the trial as a whole that it would be inconceivable to hold that a new trial is required because of its reception, even if error had been committed. The defendant was not really prejudiced at all.

Finally, the defendant complains that there was no evidentiary support for the claimed wage loss of $75.00 in the case of Miss Brokenshire. As the case was actually presented (as distinguished from the contentions set forth in the pretrial memoranda), there may be merit to this argument. The verdict in favor of Miss Brokenshire will therefore be reduced from $4,000.00 to $3,925.00.

### ORDER

AND NOW, this 29th day of March, 1968, it is hereby ORDERED:

1. The defendant's motion for judgment n. o. v. is DENIED.

2. The defendant's motion for new trial in the case of the plaintiff Rose Marie Dougal is DENIED.

3. The defendant's motion for new trial in the case of plaintiff Elva Mae Brokenshire is GRANTED, unless within 20 days from this date, the said plaintiff shall file a remittitur in the sum of $75.00, thus reducing the verdict in her favor from $4,000.00 to $3,925.00. If such remittitur is filed, then the defendant's motion for new trial in the case of said plaintiff is also DENIED.