405 F.2d 867
 Rose Marie DOUGAL and Elva Mae Brokenshire
v.
Gerald C. WILLIAMS and Jacquesonia Varner, also known as Jacqueso Varner
v.
Rose Marie DOUGAL. Gerald C. Williams, Appellant.
 No. 17313.
 United States Court of Appeals Third Circuit.
 Argued December 20, 1968.
 Decided January 17, 1969.
 
 Howard M. Girsh, Steinberg & Girsh, Philadelphia, Pa., for appellant.
 Melvin Alan Bank, Bank & Minehart, Philadelphia, Pa. (Maurice A. Bank, Thomas Z. Minehart, Philadelphia, Pa., on the brief), for appellees, Dougal and Brokenshire.
 David F. Binder, Bennett, Bricklin & Saltzburg, Philadelphia, Pa. (Albert L. Bricklin, Philadelphia, Pa., on the brief), for third-party defendant, Rose Marie Dougal.
 Before SEITZ, ALDISERT and STAHL, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 This is an appeal from an order of the District Court, 294 F.Supp. 1357 denying defendant's motion for a new trial. Two grounds for the granting of the motion are assigned: an allegation of misconduct at the trial by counsel for the third party defendant and the admission into evidence by the trial judge of a letter written to plaintiff's counsel by a defendant's witness in answer to a claim letter. We have concluded that the appeal is without merit.
 
 
 2
 The trial court's memorandum opinion properly set forth the infirmities of the first ground of the appeal:
 
 
 3
 "Defendant's brief * * * urges that a new trial be granted because of the trial tactics and behavior of the attorney representing the plaintiff Dougal in her capacity as third-party defendant. The conduct complained of consisted principally of badgering and ridiculing witnesses and, by facial expression and otherwise, registering for the benefit of the jury counsel's reactions to their testimony. Correction of this conduct at trial was initiated by the trial judge, of his own motion; at no time did defense counsel seek a mistrial, although ample opportunity for such motion was afforded. It is clearly too late now for this complaint. At any rate, I am satisfied that, on balance, the conduct complained of was more likely to create an atmosphere unfavorable to the plaintiff than to the defendant. The conduct of counsel was not flagrantly improper, and was rectified. The essential fairness of the trial was not impaired."
 
 
 4
 We turn now to the controversy over the admission of the letter. The witness received a claim letter from the plaintiff's attorney and he immediately responded, protesting any liability. His reply set forth a brief description of the events, and in so doing, made no mention of certain facts to which the witness later testified at trial. The trial judge admitted the letter in evidence for impeachment purposes.
 
 
 5
 Defendant argues, however, that the exhibit should have been excluded because it had not been disclosed to his counsel in the course of discovery proceedings, particularly as an answer to interrogatory number 43:
 
 
 6
 "Have you or has any one acting in your behalf obtained from any person or persons any report, statement, memorandum, or testimony concerning the accident alleged in your Complaint?"
 
 
 7
 The court below was not convinced that a letter denying liability sent in response to a claim letter from plaintiff's counsel was the type of document intended to be covered by the interrogatory in question. We agree. Moreover, we hold that the admission of this exhibit was a discretionary matter not of such profound significance as to constitute a basis for the award of a new trial.
 
 
 8
 The judgment of the District Court will be affirmed.